# FORD**HARRISON** LLP
ATTORNEYS AT LAW

100 Park Avenue • Suite 2500
New York, New York 10017
Tel (212) 453-5900 • Fax (212) 453-5959
www.fordharrison.com

DAVID S. KIM
(212) 453-5927
dkim@fordharrison.com

January 6, 2014

**VIA ECF**

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

    Re:    Chero v. Sunnyside Community Services, Inc. et al.
              Civil Action No.: 13-cv-5039

Dear Judge Reyes:

    We represent Defendants Sunnyside Community Services, Inc., Sunnyside Citywide Home Care Services, Inc. and Sunnyside Home Care Project, Inc. (collectively, "Defendants") in the above-referenced action. In accordance with Your Honor's Individual Practices, please accept this letter as Defendants' response to Plaintiff's letter, dated December 30, 2013, requesting a pre-motion conference to discuss Plaintiff's intended motion for conditional certification of the FLSA collective action.

    Plaintiff's letter contends that she suffered from a policy of "time shaving and failure to pay overtime premium." Plaintiff's allegations in this letter, and in the Complaint, are entirely conclusory and fail to demonstrate even minimal evidence of an alleged company wide unlawful policy or that Plaintiff is similarly situated to potential opt-in plaintiffs.[1]

    In the Second Circuit, courts typically conduct a two step inquiry in determining whether to certify collective actions under the FLSA. See Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010). At the first phase, also known as the "notice stage," the court makes a preliminary determination as to whether potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. Id. at 555.

    In determining whether a plaintiff and potential opt-in plaintiffs are similarly situated, "[t]he test is whether there is a factual nexus between the claims of the named plaintiff and those who have chosen to opt-in to the action." Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197

---

[1] Plaintiff's letter further states that Plaintiff "has provided a declaration that there are other similarly situated individuals as herself who are, or were, employed by Defendants." It is unclear to Defendants whether Plaintiff's letter purports that Plaintiff intends to provide a declaration in connection with her motion for conditional certification as any such declaration has not been provided to Defendants or filed with the court at this time.

The Honorable Ramon E. Reyes, Jr.
January 6, 2014
Page 2


(S.D.N.Y. 2006).  Courts look to the following in determining whether a factual nexus has been demonstrated: (1) "substantial allegations by the plaintiffs that defendants' actions violated the FLSA;" and (2) "an admission by defendants that such action reflects a company-wide policy."  Ayers v. SGS Control Servs., Inc., 2004 U.S. Dist. LEXIS 25646, at *14-15 (S.D.N.Y. Dec. 16, 2004).  While the named plaintiffs' burden at the conditional certification stage is light, courts will deny such a motion where the plaintiffs have failed to meet this burden.  See e.g., Prizmic v. Verizon Info. Services, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006).

      Here, Plaintiff's conclusory and vague allegations that Defendants engaged in widespread wrongdoing, without even minimal evidence in support, cannot establish that Plaintiff is similarly situated to "all non-exempt employees" employed by Defendants.

      We look forward to discussing this issue with Your Honor at tomorrow's initial scheduling conference.

                                            Respectfully submitted,


                                            /s/ David S. Kim
                                            David S. Kim

cc:     C.K. Lee, Esq. (via ECF)